At the opening of the court on Tuesday morning, April 8th, 1845, the Chief Justice remarked, that after the adjournment last evening he was reminded by a member bf the bar that this day was appointed for holding the city electibri for charter officers, and a doubt was suggested whether under .the election law of 1842(a) the court could properly be held open. In consequence of this suggestion he had looked into the statute, and was of opinion that it did not apply to town and charter elections.. The 4th section of the first title forbids the service of civil process on the day when “ an election shall be held in any city or town pursuant, to this chapter.” The next section forbids the opening of court “in ahy city or town oh the day such election shall be held therein;” The elections particularly provided for, and which are held in pursuance bf the chapter, are general and special elections for the choibe of state, district or county officers; and no others. It is true that the act provides for the choice of inspectors of elections at town meetings and charter elections. Those meetings and elections, however, are not held ih pursuance of the law in question; but under other laws specially providing when and how they shall be held and conducted; It can hardly be supposed that the legislature intended to stop the court, and delay the counsel attending from different parts of the state, on account of a local election, in which few of the persons present felt any interest. The chief justice added, that if any of the members of the bar residing in the city wished to attend the election, no defaults shotild be taken against them; but in other respects he should proceed with the business of the court without any reference to the charter election.
The business proceeded, arid Orders were entered as on Other dayS;

 Stat. 1842, p. 109.